968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus SEGOVIA, Defendant-Appellant.
 No. 91-6373.
 United States Court of Appeals, Tenth Circuit.
 July 14, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jesus Segovia appeals from a sentence entered after his plea of guilty to a one count indictment charging him with escape from the Federal Correctional Institution at El Reno, Oklahoma. After pleading guilty, Mr. Segovia apparently filed a pro se pleading asserting he had been taken into federal custody in Texas at a point which would require adjustment of his sentence. That pleading is not a part of this record. After a full evidentiary hearing, the district court found there was no evidence to support Mr. Segovia's claim. On appeal, Mr. Segovia's counsel has filed an Anders brief asserting four separate issues, none of which were raised in the trial court. We affirm.
 
 
 3
 After escaping from El Reno, an act which Mr. Segovia does not dispute, he ultimately wound up in the custody of the State of Texas on two state charges. After serving one sentence, Mr. Segovia was transported to another state institution to serve the other. The only issue presented to the district court was whether Mr. Segovia had been transported by a federal marshal from the first to the second state institution. That fact was placed in issue because Mr. Segovia contended he became a federal prisoner when he was taken into the custody of the U.S. Marshal. Because of that contention, defendant believes he is entitled to receive credit on his federal sentence for his Texas jail time.
 
 
 4
 Prompted by this unusual claim, the district court conducted an evidentiary hearing into the underlying facts. When called upon, Mr. Segovia could not identify the person who transported him as a federal marshal. His only evidence consisted of a hearsay statement from an unidentified source in the second Texas institution that the person who delivered Mr. Segovia was a federal marshal. He stated, "I sincerely believe and I know that I was picked up by the U.S. Marshals on February 27th, 1991, because I was shown paperwork at the Harris County [jail] where it says that I was in federal--in the federal marshal's custody, Your Honor."
 
 
 5
 The government's evidence consisted of the testimony of William Tsoodle, the deputy U.S. Marshal assigned to Mr. Segovia's case following his escape from El Reno. Deputy Tsoodle stated unequivocally Mr. Segovia was not picked up by any deputy marshal until he was released from custody in the second institution. He also affirmatively stated no federal marshal moved Mr. Segovia from one state institution to another.
 
 
 6
 A memorandum from the U.S. Marshal's office in Austin, Texas, was identified by Deputy Tsoodle and introduced into evidence. Among other things, that memorandum stated that the City of Austin, from which Mr. Segovia was originally transferred has "a unit called City Marshals and they work closely with local authorities."
 
 
 7
 On the basis of the facts before it, the district court found "no evidence to establish that Mr. Segovia was in federal custody ... at any time or under any circumstances that would make his presence here in this case unauthorized, inappropriate or absent of jurisdiction." There is nothing in the record to indicate that finding is clearly erroneous. We therefore conclude there is no factual substance to Mr. Segovia's claim, his protestation to the contrary notwithstanding.
 
 
 8
 The remaining issues Mr. Segovia wishes this court to consider are not before us. He failed to raise in the district court any question about the Interstate Agreement on Detainers, his Sixth Amendment and statutory rights to speedy trial, and his Sixth Amendment right to effective assistance of counsel. Those issues are more appropriate for collateral review, and because they were not raised in this case in the district court we will not consider them.
 
 
 9
 This conclusion moots Mr. Segovia's pro se motion to file a supplemental brief. That motion is accordingly denied as is counsel's motion for leave to withdraw.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3